UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KEVIN NARDI, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: 1:19-CV-11306-GAO |
| | ) | |
| SAFARILAND, LLC and | ) | |
| MACE SECURITY INTERNATIONAL, INC., | ) | |
| Defendants. | ) | |

**DEFENDANT MACE SECURITY INTERNATIONAL, INC.'S**
**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Mace Security International, Inc. ("Answering Defendant" or "Mace") answers the Plaintiff's Amended Complaint. Mace denies each and every allegation of fact or liability on the part of Mace set forth in Plaintiff's Amended Complaint, except as specifically set forth herein.

**ANSWER**

1. Answering Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 1 of Plaintiff's Amended Complaint.

2. Answering Defendant states that the allegations set forth in paragraph 2 of Plaintiff's Amended Complaint are not directed to it and, therefore, an answer to this paragraph by Answering Defendant is not required. To the extent that an answer to this paragraph by Answering Defendant is deemed to be required, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 2 of Plaintiff's Amended Complaint.

3. Admitted.

4. Answering Defendant states that the allegations set forth in paragraph 4 of Plaintiff's Amended Complaint are not directed to it and, therefore, an answer to this paragraph

by Answering Defendant is not required. To the extent that an answer to this paragraph by Answering Defendant is deemed to be required, Answering Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 4 of Plaintiff's Amended Complaint.

5. Answering Defendant states that paragraph 5 of the Plaintiff's Amended Complaint set forth legal conclusions rather than facts susceptible of admission or denial, and therefore, an answer to this paragraph by Answering Defendant is not required. To the extent that an answer to this paragraph by Answering Defendant is required, Answering Defendant denies that it is responsible for the negligence and breaches of warranty of Federal Laboratories, Inc., denies that it is a "successor" to Federal Laboratories, Inc., and denies that Federal Laboratories, Inc. is Answering Defendant's "predecessor."

6. Answering Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 6 of Plaintiff's Amended Complaint.

7. Answering Defendant denies that the "launcher" described in paragraph 7 was "Answering Defendant's" launcher. Answering Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in paragraph 7 of Plaintiff's Amended Complaint.

8. Answering Defendant states that paragraph 8 of the Plaintiff's Amended Complaint set forth legal conclusions rather than facts susceptible of admission or denial, and therefore, an answer to this paragraph by Answering Defendant is not required. To the extent that an answer to this paragraph by Answering Defendant is required, the allegations in paragraph 8 of the Plaintiff's Amended Complaint are denied.

## COUNT I: (NEGLIGENCE V. SAFARILAND, LLC)

9. Answering Defendant repeats and reasserts its responses to paragraphs 1 through 8, inclusive, of Plaintiff's Amended Complaint, set forth above, and incorporates them by reference as is separately and fully set forth herein.

10. Answering Defendant states that the allegations set forth in paragraph 10 of Plaintiff's Amended Complaint are not directed to it and, therefore, an answer to this paragraph by Answering Defendant is not required. To the extent that an answer to this paragraph by Answering Defendant is deemed to be required, Answering Defendant denies the allegations in paragraph 10 of the Plaintiff's Amended Complaint, and specifically denies the allegations contained in sub-paragraphs (a), (b), and (c).

11. Answering Defendant states that the allegations set forth in paragraph 11 of Plaintiff's Amended Complaint are not directed to it and, therefore, an answer to this paragraph by Answering Defendant is not required. To the extent that an answer to this paragraph by Answering Defendant is deemed to be required, Answering Defendant denies that the alleged injuries were the direct and proximate result of the negligence of "defendants' predecessor," denies that there was any such "negligence," and states that it is without sufficient knowledge to form a belief as to the balance of the allegations in paragraph 11 of Plaintiff's Amended Complaint.

WHEREFORE, to the extent that Count I of Plaintiff's Amended Complaint can be construed as setting forth a cause of action against Answering Defendant, Answering Defendant denies that Plaintiff is entitled to any recovery from it and demands that Count I of Plaintiff's Amended Complaint be dismissed as to it, with prejudice, and that Answering Defendant be awarded its fees and costs.

## COUNT II: (BREACH OF WARRANTY VS. SAFARILAND, LLC)

12. Answering Defendant repeats and reasserts its responses to paragraphs 1 through 8, inclusive, of Plaintiff's Amended Complaint, set forth above, and incorporates them by reference as is separately and fully set forth herein.

13. Answering Defendant states that the allegations set forth in paragraph 13 of Plaintiff's Amended Complaint are not directed to it and, therefore, an answer to this paragraph by Answering Defendant is not required. To the extent that an answer to this paragraph by Answering Defendant is deemed to be required, Answering Defendant denies the allegations in paragraph 13 of the Plaintiff's Amended Complaint.

14. Answering Defendant states that the allegations set forth in paragraph 14 of Plaintiff's Amended Complaint are not directed to it and, therefore, an answer to this paragraph by Answering Defendant is not required. To the extent that an answer to this paragraph by Answering Defendant is deemed to be required, Answering Defendant denies that the alleged injuries were the direct and proximate result of the breach of warranty of "defendants' predecessor," denies that there was such a "breach of warranty," and states that it is without sufficient knowledge to form a belief as to the balance of the allegations in paragraph 14 of Plaintiff's Amended Complaint.

WHEREFORE, to the extent that Count II of Plaintiff's Amended Complaint can be construed as setting forth a cause of action against Answering Defendant, Answering Defendant denies that Plaintiff is entitled to any recovery from it and demands that Count II of Plaintiff's Amended Complaint be dismissed as to it, with prejudice, and that Answering Defendant be awarded its fees and costs.

### COUNT III: (NEGLIGENCE V. MACE SECURITY INTERNATIONAL, INC)

15. Answering Defendant repeats and reasserts its responses to paragraphs 1 through 8, inclusive, of Plaintiff's Amended Complaint, set forth above, and incorporates them by reference as is separately and fully set forth herein.

16. Answering Defendant states that paragraph 16 of the Plaintiff's Amended Complaint sets forth legal conclusions not susceptible of admission or denial; to the extent that a response is deemed required, Answering Defendant denies the allegations in paragraph 16 of the Plaintiff's Amended Complaint, and specifically denies the allegations contained in sub-paragraphs (a), (b), and (c).

17. Answering Defendant states that paragraph 17 of the Plaintiff's Amended Complaint sets forth legal conclusions not susceptible of admission or denial; to the extent that a response is deemed necessary, Answering Defendant denies that the alleged injuries were the direct and proximate result of the negligence of "defendants' predecessor," denies that there was any such "negligence," and states that it is without sufficient knowledge to form a belief as to the balance of the allegations in paragraph 17 of Plaintiff's Amended Complaint.

WHEREFORE, Answering Defendant denies that Plaintiff is entitled to any recovery from it and demands that Count III of Plaintiff's Amended Complaint be dismissed as to it, with prejudice, and that Answering Defendant be awarded its fees and costs.

### COUNT IV: (BREACH OF WARRANTY VS. MACE SECURITY INTERNATIONAL, INC)

18. Answering Defendant repeats and reasserts its responses to paragraphs 1 through 8, inclusive, of Plaintiff's Amended Complaint, set forth above, and incorporates them by reference as is separately and fully set forth herein.

19. Answering Defendant denies the allegations in paragraph 19 of the Plaintiff's Amended Complaint.

20. Answering Defendant denies that the alleged injuries were the direct and proximate result of the breach of warranty of "defendants' predecessor," denies that there was such a "breach of warranty," and states that it is without sufficient knowledge to form a belief as to the balance of the allegations in paragraph 20 of Plaintiff's Amended Complaint.

WHEREFORE, Answering Defendant denies that Plaintiff is entitled to any recovery from it and demands that Count IV of Plaintiff's Amended Complaint be dismissed as to it, with prejudice, and that Answering Defendant be awarded its fees and costs.

## JURY DEMAND

Mace Security International, Inc. demands trial by jury for each count so triable.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

Answering Defendant hereby incorporates these Affirmative Defenses to all claims, whether made by direct claim or cross-claim, and whether now or hereafter asserted.

SECOND AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed on the ground that this Court lacks personal jurisdiction over Answering Defendant.

FOURTH AFFIRMATIVE DEFENSE

The claims asserted against Answering Defendant in the Complaint are barred by the applicable status of limitation.

FIFTH AFFIRMATIVE DEFENSE

The claims asserted against Answering Defendant in the Complaint are barred by the doctrine of laches.

SIXTH AFFIRMATIVE DEFENSE

The claims asserted against Answering Defendant in Plaintiff's Complaint are barred and/or mitigated by the contributory and/or comparative negligence of Plaintiff.

SEVENTH AFFIRMATIVE DEFENSE

Any alleged injuries, losses, or damages suffered by Plaintiff were caused by the acts of others over whom Answering Defendant had no control and for whose actions Answering Defendant is not responsible

EIGHTH AFFIRMATIVE DEFENSE

The claims asserted against Answering Defendant are barred because there was no privity of contract between Provia and the Plaintiff.

NINTH AFFIRMATIVE DEFENSE

Any claims for malicious, willful, wanton and reckless conduct, or gross negligence set forth in Plaintiff's Complaint are barred because there was no negligence, gross negligence, willful, wanton or malicious conduct, reckless disregard of the rights of the Plaintiff, or malice (actual or otherwise) on the part of Answering Defendant

TENTH AFFIRMATIVE DEFENSE

The claims asserted against Answerinf Defendant in Plaintiff's Complaint are barred on the grounds of estoppel and/or waiver.

ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendant is not responsible for any breach of any warranties, expressed or implied, in connection with the manufacture, sale, supply or distribution of any products that allegedly caused the injuries or damages sustained by Plaintiff.

TWELVTH AFFIRMATIVE DEFENSE

Answering Defendant did not breach any warranties, expressed or implied, in connection with the manufacture, sale, supply or distribution of any products that allegedly caused the injuries or damages sustained by Plaintiff.

THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted against Answering Defendant are barred by one or more statutes of repose.

FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted against Answering Defendant in Plaintiff's Amended Complaint are barred because the products complained of were not in a defective condition that was unreasonably dangerous to the user or consumer.

FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate his damages.

SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant avails itself and hereby adopts all defenses asserted by any other Defendant in this action, as may be applicable.

SEVENTEETH AFFIRMATIVE DEFENSE

Plaintiff's right to recovery against Answering Defendant if any, is limited by the terms and conditions of the expressed warranties applicable to the products.

EIGHTEENTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to raise and assert additional affirmative defenses as they are developed during the course of discovery and reserves the right to amend or supplement these defenses accordingly.

NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant states that if any of its agents or servants made any express warranties with respect to the products, which Answering Defendant denies, then those agents or servants did so without any express or implied authority.

TWENTIETH AFFIRMATIVE DEFENSE

To the extent that Answering Defendant had any obligations to Plaintiff, such obligations have been fully, completely and properly performed in every respect.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant denies that Plaintiff has been injured by its alleged conduct and, therefore, is not entitled to recovery from Answering Defendant.

TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims asserted against Answering Defendant in Plaintiff's Complaint are barred because they have been released or forfeited.

TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims asserted against Answering Defendant in Plaintiff's Complaint are barred because the products complained of were substantially changed or modified prior to their use.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims asserted against Answering Defendant in Plaintiff's Complaint are barred to the extent that the alleged injuries and damages suffered by Plaintiff were the result of modifications and/or alterations of the products made by persons or entities other than Answering Defendant

TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff seeks to recover interest at a rate provided by M.G.L. c. 231, § 6B, said rate of interest is unconstitutional and violates both the Constitution of the United States and the Massachusetts Declaration of Rights.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Answering Defendant states that Plaintiff's claims are barred because the product was manufactured and designed according to specifications provided by the federal government.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Answering Defendant states that Plaintiff's claims of defect are barred because the design and manufacture of the product were the state of the art at the time the product was manufactured.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant states that Plaintiff's claims of defect are barred because the design and manufacture of the product were the state of the art at the time the product was manufactured, designed, and sold.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendant states that Plaintiff's claims of defect are barred because the product was not being used in a manner foreseeable to defendant at the time of the alleged injury.

THIRTIETH AFFIRMATIVE DEFENSE

Answering Defendant states that Plaintiff's claims of failure to warn are barred because the Plaintiff was a sophisticated user of such products.

THIRTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendant states that the product at issue cannot be deemed defective because the harm for which the plaintiff seeks compensation was caused by an inherent characteristic of the

product that cannot be eliminated without substantially compromising the product's usefulness and which is recognized by users of the product with knowledge common to such users.

THIRTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant owed no duty to warn of defects that did not exist at the time of sale.

Respectfully submitted,

The Defendant,
MACE SECURITY INTERNATIONAL, INC.,
By its attorneys,

*/s/Nora R. Adukonis*
James W. Sexton, BBO #547054
Nora R. Adukonis, BBO #676932
Litchfield Cavo LLP
6 Kimball Lane, Suite 200
Lynnfield, MA 01940
(781) 309-1500
sexton@litchfieldcavo.com
adukonis@litchfieldcavo.com

## **CERTIFICATE OF SERVICE**

I, Nora Adukonis, hereby certify the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 6, 2019.

*/s/Nora R. Adukonis*
Nora Adukonis